BUELL v. GARDNER et al.

(Supreme Court, Special Term, Ontario County. October 29, 1914.)

CHARITIES (§ 50*)—ENFORCEMENT—STATUTE. ·

Where there is no uncertainty as to the beneficiaries or the purposes of a charitable trust, and no showing that the trustee is remiss in his duties or in doubt as to what they are, the trustee cannot be compelled, on motion of the Attorney General, to submit to the court a scheme or plan for the distribution of the funds of the trust, notwithstanding the duty imposed upon the Attorney General under Personal Property Law (Consol. Laws, c. 41) § 12, to represent the beneficiaries and enforce such trusts.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 96–99; Dec. Dig. § 50.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Sarah A. Buell against Anson L. Gardner and another, as executors of Harriet M. Goodsell, deceased. On motion by the Attorney General to compel the executors, as trustees of a trust fund, to submit a plan for the distribution of the fund. Denied.

See, also, 83 Misc. Rep. 513, 144 N. Y. Supp. 945.

James A. Parsons, Atty. Gen., and James J. Barrett, Deputy Atty. Gen., for the motion.

Anson L. Gardner, of Canandaigua, opposed.

CLARK, J. This is a motion made by the Attorney General to compel Anson L. Gardner, trustee under the will of Harriet M. Goodsell, deceased, to submit to the Attorney General his scheme and plan of distribution of the funds of the estate of which he is trustee. By the sixteenth clause of the will of Harriet M. Goodsell, late of Ontario county, deceased, and also by the forty-ninth clause of the will of said decedent, she created certain trusts for charitable and benevolent uses and purposes, and appointed Anson L. Gardner as trustee, and he has duly qualified, and is at present administering said trust. The lady who owned this fund and created the trust selected Mr. Gardner as her trustee because she evidently had confidence in his ability and integrity, and so long as he is properly administering the trust I do not think he should be unduly interfered with.

There is nothing in the moving papers to show that the trustee is not performing his duties properly. The intention of the testatrix as to what she wanted done with the moneys referred to in the sixteenth and forty-ninth clauses of her will is perfectly clear, for there is nothing uncertain or indefinite either as to the beneficiaries or the purposes of the trust. While the provisions of section 12 of the Personal Property Law would undoubtedly give the Attorney General the right to intervene, he being charged with the duty of representing the beneficiaries of charitable trusts, in the absence of proof that the trustee has in some way been remiss in his duty, I do not think he should be unduly interfered with or harassed by court orders.

So long as the intention of the testatrix is clear, and the trustee was clothed by her with a certain discretion in deciding as to who were proper and suitable persons to receive assistance from her estate, and the trustee is not in doubt as to either the intention of the testatrix or his duties as her representative, I question either the necessity or propriety of compelling him at this time to furnish any scheme or plan of distribution of the funds of the estate. If at any time it can be shown that the trustee is improperly administering the trust even in the slightest degree, the Supreme Court, upon proper application and notice, can take charge of the situation, and if necessary could see that the trust was properly executed, but for the present, and with the information before the court, I doubt the propriety of compelling the trustee to submit the plan or scheme referred to in the moving papers, and this application must therefore be denied.